IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**Ohio Legal Rights Service,**

    **Plaintiff,**

    **vs.**

**Specialized Alternatives for Families
and Youth of Ohio, Inc.**

**AND**

**Moira Weir**, in her official capacity as
Director of the Hamilton County Department
of Job and Family Services,

    **Defendants.**

**Case No.**

**Judge**

**Magistrate Judge**

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

INTRODUCTION

Plaintiff Ohio Legal Rights Service (OLRS) is an agency of the State of Ohio mandated by state and federal law to protect and advocate for the rights of persons with disabilities. OLRS is designated as Ohio's Protection and Advocacy (P&A) system for the purpose of the federal Developmental Disabilities Act, 42 U.S.C. Sections 15001 *et seq*. Its mandate includes investigation of allegations of neglect of a person with a developmental disability. Defendants have acted in concert to prevent OLRS from being able to carry out this mandated duty. Plaintiff

seeks injunctive and declaratory relief to prevent further unauthorized interference with OLRS' performance of its statutorily mandated duty of investigation.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. Section 1331.

2. Venue is proper in the Northern District of Ohio, Western Division, because a defendant's principal place of business is located in this district within the meaning of 28 U.S.C. § 1391(b) and because the events, acts and omissions giving rise to the Plaintiff's claims occurred in this district.

## PARTIES

### PLAINTIFF

3. Plaintiff Ohio Legal Rights Service (OLRS) is an agency of the State of Ohio created through Ohio Revised Code Section 5123.60. OLRS is designated by the Governor as Ohio's Protection and Advocacy (P&A) system for the purpose of the federal Developmental Disabilities Act, 42 U.S.C. Sections 15001 *et seq.*

4. As a P&A system, OLRS is authorized by 42 U.S.C. Section 15043 to investigate reported incidents of neglect of persons with developmental disabilities, and to have access to an individual with a developmental disability in furtherance of such investigation.

### DEFENDANTS

5. Defendant Specialized Alternatives for Families and Youth of Ohio, Inc. (SAFY), is an Ohio corporation with its principal place of business in Allen County, Ohio.

6. SAFY provides residential foster care services to minors who are in the custody of various county children's services agencies

7. Defendant Moira Weir is the Director of the Hamilton County (Ohio) Department of Job and Family Services (JFS).  Hamilton County Children's Services (HCCS) is a subsidiary agency of JFS and is within the control and authority of Defendant Weir.

8. Defendant Weir is sued in her official capacity only.

## FACTS

9. C.C. is a minor child with a developmental disability who is presently in the temporary custody of HCCS.

10. C.C. receives foster care services through Defendant SAFY, provided through the foster care setting of the Wheeler home in Sidney, Ohio.

11. In April of 2008 OLRS Disability Rights Advocate Adonna Wilson received a complaint alleging neglect of C.C. at the Wheeler home and at other settings.

12. Ms. Wilson determined it appropriate to investigate this reported allegation.

13. Ms. Wilson contacted foster care provider Mr. Wheeler and asked to be able to conduct a confidential unaccompanied interview of C.C.  Ms. Wilson was advised to contact SAFY in this regard.

14. On May 21, 2008, Ms. Wilson contacted a SAFY manager and repeated her request to conduct a confidential unaccompanied interview of C.C.  The SAFY manager stated that approval of HCCS would be required before that request could be granted.

15. Later that day the SAFY manager phoned Ms. Wilson to state that HCCS had instructed SAFY not to permit the requested interview to occur.

16. From that day continuously until the present day SAFY and HCCS have refused to permit the requested interview of C.C. to occur.

17. OLRS is suffering irreparable harm through Defendants' interference with its ability to fulfil its statutory mandate of appropriate investigation of the allegations reported in this matter.

18. OLRS has no adequate remedy at law.

## CLAIM FOR RELIEF

## FIRST CAUSE OF ACTION

19. Plaintiffs restate and incorporate by reference paragraphs 1 through 18 as if fully rewritten herein.

20. 42 U.S.C. Section 15043(a)(2)(B) authorizes a P&A system such as OLRS to investigate reported incidents of abuse and neglect of individuals with developmental disabilities.

21. 42 U.S.C. Section 15043(a)(2)(H) authorizes a P&A system such as OLRS to have access at reasonable times to any individual with a developmental disability in a location in which services, supports, and other assistance are provided to such an individual.  No exception to this principle is stated anywhere within the statute.

22. 45 C.F.R. Section 1386.22(f) states that a P&A system such as OLRS shall have reasonable unaccompanied access to interview a person with a developmental disability receiving services from a facility.  No exception to this principle is stated anywhere within the rule.

23. Defendants SAFY and HCCS have a duty to provide such access.

24. The refusal of Defendants to permit an unaccompanied interview of C.C. by OLRS staff person Adonna Wilson violates that duty.

4

## SECOND CAUSE OF ACTION (PENDENT STATE LAW CLAIM)

25. Plaintiffs restate and incorporate by reference paragraphs 1 through 24 as if fully rewritten herein.

26. Ohio Revised Code Section 5123.60(E)(4) provides that staff of OLRS shall have ready access at any time to all persons receiving services under, *inter alia*, Ohio Revised Code Chapter 5126.

27. C.C. receives case management services from the Hamilton County Board of Mental Retardation and Developmental Disabilities under Chapter 5126 of the Revised Code.

28. Defendants' failure to permit access of OLRS staff person Adonna Wilson to C.C. at the Wheeler home violates Defendants' duty under R.C. Section 5123.60(E).

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

A. Declare that Defendants' refusal to permit a confidential interview to occur between OLRS staff person Adonna Wilson and C.C. violates 42 U.S.C. Section 15043 and 45 C.F.R. Section 1386.22.

B. Declare that Defendants' refusal to permit a confidential interview to occur between OLRS staff person Adonna Wilson and C.C. violates Ohio Revised Code Section 5123.60(E).

C. Preliminarily and permanently enjoin Defendants to cease further obstruction and to permit a confidential interview to occur between OLRS staff person Adonna Wilson and C.C.

D. Grant Plaintiff's recovery of reasonable attorney's fees and costs in bringing this action.

E. Grant Plaintiff any and all other relief to which the Court believes it is entitled.

Respectfully submitted,


/s/ Ronald L. Smith
Ronald L. Smith, Trial Attorney (0017024)
rsmith@olrs.state.oh.us


/s/ Michelle F. Atkinson
Michelle F. Atkinson (0079185)
matkinson@olrs.state.oh.us

Ohio Legal Rights Service
50 West Broad Street, Suite 1400
Columbus, Ohio 43215
(614) 466-7264
(614) 644-1888 (fax)
Counsel for Plaintiff

6